**SILVERMANACAMPORA LLP**
Proposed Attorneys for the Debtors
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Gerard R. Luckman
Janet F. Brunell
Brian Powers

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

   SYMPHONIC HOLDINGS, LLC,

                       Debtor.
----------------------------------------------------------x
In re:

   T.C. MUSIC CO., INC., d/b/a CORNET
   MUSIC,

                       Debtor.
----------------------------------------------------------x

Chapter 11

Case No.: 16-72228 (AST)

Chapter 11

Case No.: 16-72231 (AST)

## DECLARATION OF ROBERT CROMEYN UNDER
## LOCAL RULE 1007-4 IN CONNECTION WITH CHAPTER 11 FILING,
## AND LOCAL RULE 9077-1 IN SUPPORT OF CERTAIN "FIRST DAY" MOTIONS

Robert Cromeyn declares pursuant to 28 U.S.C. § 1746 as follows:

### BACKGROUND

1. On May 18, 2016 (the "**Petition Date**"), Symphonic Holdings, LLC ("**Symphonic**") and T.C. Music Co., Inc. d/b/a Cornet Music ("**TCM**" and, together with Symphonic, the "**Debtors**"), each filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**") in this Court. The Debtors are authorized to continue to operate and manage their businesses and property as debtors in possession under Bankruptcy Code §§ 1107(a) and 1108.

2. I am the President and sole shareholder of both Symphonic and TCM. I have owned and operated TCM for more than 50 years.

**The Debtor's Business Generally**

3. TCM's primary business is renting, selling, and repairing musical instruments to numerous school districts in Suffolk County, New York. In addition, TCM provides music lessons for many children on a weekly basis. Symphonic is a single asset real estate entity which owns the real property at 29 East Main Street, Smithtown, New York (the "**Property**"), and TCM operates its business at the Property. Symphonic's only asset is the Property, and all of TCM's assets are located at the Property.

**Prepetition Secured Debt**

4. On February 12, 2010, Symphonic executed a note (the "**Note**") in the principal amount of $640,000 from Citibank, N.A. ("**Citibank**"), which is secured by a mortgage on the Property (the "**Mortgage**") and all of the assets of TCM. In addition, Citibank extended TCM a line of credit (the "**LOC**") in the principal amount of $80,000, which is secured by the assets of TCM, but not by its cash.

5. As of the Petition Date, the aggregate amount due on the Note is approximately $585,000, and the outstanding amount on the LOC is approximately $42,000.

**The Debtor's Liabilities and Assets**

6. As of May 18, 2016, the Debtors, on an unaudited basis, have total assets of approximately $933,316.80. Their total liabilities, including the $627,000 in secured debt owed to the Citibank, are approximately $1.1 million.

7. The Debtors' gross revenue in 2015 was $986,496.00.

**The Debtors' Troubles and Current Forecast**

8. As stated above, TCM is a family owned enterprise that has operated for more than fifty years, and the business was always marginally profitable. In recent years, and in an effort to become more profitable, TCM attempted to make various changes to the structure of the business and invested its profits back into operations in an attempt to implement these changes. Those efforts proved to be unsuccessful and ultimately caused the business to begin

to lose money. The Debtors then started to fall behind with the payments of their taxes, the Note, the LOC, and other vendor debt.

9. On or about March 17, 2016, Citibank commenced foreclosure proceedings in New York State Supreme Court (the "**Foreclosure Proceedings**"). The Foreclosure Proceeding is now stayed by virtue of the filing of these chapter 11 cases.

10. The Debtors intend to move forward with a sale of the Property and the remaining assets of the Debtors, which the Debtors believe will yield sufficient funds to pay all secured claims in full and make a substantial distribution to unsecured creditors.

**The First Day Motions**

11. On the Petition Date, the Debtors filed certain "First Day" motions seeking emergency relief. As set forth below, I believe that obtaining the relief requested in each of the First Day motions is critical to avoid irreparable harm to the Debtors, their businesses, and their prospects for maximizing the value of their businesses as a going concern.

**Motion Seeking an Order Directing Joint**
**Administration of the Debtors' Cases**

12. By this Motion, the Debtors seek an entry of an order directing joint administration of these cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

13. The Debtors believe that joint administration is warranted in these cases and will avoid the preparation and replication of duplicative notices, applications, and orders, thereby saving the estates considerable expenses and resources. The Debtors' business operations are closely related and many of the motions made on behalf of each of the Debtors will affect both of the Debtors.

14. For these reasons, and as more fully described in the Debtors' motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases.

**Motion for an Order Prohibiting Utilities from**
**<u>Altering, Refusing or Discontinuing Service</u>**

15.     Bankruptcy Code §366(a) prevents utility companies from discontinuing, altering or refusing service to a debtor during the first 20 days of a chapter 11 case.  But, if a debtor has not furnished adequate assurance of payment 30 days from the commencement of the case, a utility company has the option of terminating its services pursuant to Bankruptcy Code §366(c)(2).

16.     Utility services are essential to the Debtors' ability to sustain their operations while their chapter 11 cases are pending.  Any interruption of the utility services, even briefly, would disrupt the Debtors' operations and would be harmful to the Debtors' estates and their value as a going concern.  It is, therefore, critical that all utility services, to the extent needed, continue uninterrupted.

17.     For these reasons, and as more fully described in the Debtors' motion, the Debtors seek the entry of an order prohibiting their utility providers from altering, refusing or discontinuing service.

**Motion to Approve Payment of Certain**
**Pre Petition Accrued Wages, Salaries and**
**<u>Related Taxes and Employee Benefits</u>**

18.     By this Motion, the Debtors are asking the Court to authorize certain payments to employees of accrued employee wages, salaries and benefits, and the taxes related thereto that accrued in the weeks preceding the Petition Date pursuant to §§ 105(a), 507(a) and (a)(5), and Rules 6004(h), 7062 and 9014 of the Federal Rules of Bankruptcy Procedure.

19.     Continued employment of these employees is vital to the Debtors' successful operations during their chapter 11 cases.  If the employees do not continue to receive their salaries without interruption, they could become disenfranchised at a time when their loyalty and efforts are most important to the success of these cases.  The Motion requests payment of only those wages that were either unpaid or uncashed by employees for the period immediately

preceding the Petition Date.  The Motion does not request payment of wages or salaries for any insider of the Debtors.

20. For these reasons, as more fully described in the Debtors' Motion, the Debtors seek entry of an order directing the payment of certain prepetition wages.

**Information Required By Local Rule 1007-4**

21. It is my understanding that Local Rule 1007-4 requires the Debtors to disclose certain information relating to the Debtors' assets, liabilities and financial condition. That information is set forth in **Exhibit A** annexed hereto.

## CONCLUSION

22. The Debtors believe that under the protection of this Court, they will be able to maximize the value of their assets for the benefit of creditors and other stakeholders, and restructure their businesses in order to successfully emerge from chapter 11.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2016.

**SYMPHONIC HOLDINGS, LLC**

By: _s/ Robert Cromeyn_
Robert Cromeyn, President

**T.C. MUSIC CO., INC.**

By: _s/ Robert Cromeyn_
Robert Cromeyn, President